UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 22-10060-RGS

UNITED STATES OF AMERICA

v.

ST. DEVON ANTHONY COVER and
DENNIS RAYMOND ROWE

MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS
FOR JUDGMENTS OF ACQUITTAL

April 14, 2025

STEARNS, D.J.

Defendants' motions for Judgments of Acquittal, *see* Fed. R. Crim. P. 29(c), which in all material respects are identical, are <u>DENIED</u>.[1] In ruling on a motion for a judgment of acquittal based on an alleged insufficiency of the evidence, "the trial judge must resolve all evidentiary conflicts and credibility questions in the prosecution's favor; and, moreover, as among

---

[1] Defendants raise two alleged errors of law, the first claiming that the U.S. anti-money laundering statute has no extraterritorial application, the second alleging that certain wiretap recordings gathered by Jamaican law enforcement officers were made without the authorization of the Jamaican courts or an equivalent plenary authority. Both claims were considered by the court prior to trial and rejected, the first in an order entered by the court on January 7, 2025, *see* Dkt. # 506, the second in a memorandum of decision issued on November 19, 2024, *see* Dkt. # 451, and reaffirmed in denying a motion to reconsider disguised as a motion in limine, *see* Dkt. # 499. The court sees no reason (nor is any plausible one offered) to call for revisiting either of these prior rulings.

competing inferences, two or more of which are plausible, the judge must choose the inference that best fits the prosecution's theory of guilt." *United States v. Olbres*, 61 F.3d 967, 970 (1st Cir. 1995).

Both defendants make the same sufficiency of the evidence argument – that while they do not deny delivering large sums of money to persons who unbeknownst to them were undercover law enforcement officers, they did so in the professed belief that they were abetting an unidentified third party's effort to consummate a local drug deal. Defendants insist that they had no knowledge that the bags of money they had been instructed to deliver were destined for laundering through the U.S. banking system for redelivery to a Colombian drug trafficking syndicate. This argument, while preposterous on its face, is so thoroughly dismantled by the government's analysis of the trial record in its opposition, *see* Dkt # 548, that I see no reason to over-egg the pudding. I will therefore incorporate and rely on the government's marshaling of the facts adduced at trial in denying the defendants' suggestion that their convictions were tainted by any insufficiency of the evidence put before the jury.

                    SO ORDERED.

                    /s/ Richard G. Stearns
                    UNITED STATES DISTRICT JUDGE